```
UNITED STATES DISTRICT COURT
    DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **WILLIAM FOSTER BROWN, JR.,** | No. 19-cv-10966 (NLH) (JS) |
| Plaintiff, | |
| v. | OPINION |
| **DETECTIVE DANIEL COLOMBARO, et al.,** | |
| Defendants. | |

APPEARANCE:
William Foster Brown, Jr., No. 4346974
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103
    Plaintiff Pro se

HILLMAN, District Judge

　　Plaintiff William Foster Brown, Jr., a pre-trial detainee presently confined at the Camden County Correctional Facility in Camden Court House, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against Defendants Detective Daniel Colombaro, Assistant Prosecutor Barry Sullivan, and Assistant Deputy PD Christopher Hoffner. See ECF No. 1.

　　At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

1

Complaint for failure to state a claim, with leave to amend granted.  28 U.S.C. § 1915(e)(2).

BACKGROUND

Plaintiff's Complaint lacks any factual allegations and consists of only a few conclusory statements.  As to Defendant Colombaro, he states that he "conspired to falsely arrest for fictitious crimes against a fictitious individual and attempting to falsely imprison."  ECF No. 1 at 4.  As to Defendant Sullivan, he describes his involvement as "maliciously prosecuting while conspiring to falsely imprison for fictitious crimes against a fictitious person."  Id.  As to Defendant Hoffner, he states that he "helped to perpetuate a conspiracy to falsify crimes of a fictitious individual while providing ineffective counsel demonstrating legal malpractice."  Id. at 5.  In the section of the Complaint where Plaintiff is to describe his claims, Plaintiff states, "Detective improperly charged me with fictious crimes against a fictitious person while conspiring with the prosecution and defense counsel to falsely imprison."  Id. at 6.  He requests "monetary damages and punitive damages."  Id. at 7.

STANDARD OF REVIEW

Section § 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(2).  The Court must sua

sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2) because the Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted; it is simply devoid of factual allegations. In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must show that "'(1)

3

the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (quoting Robb v. City of Phila., 733 F.2d 286, 290-91 (3d Cir. 1984)). The Plaintiff must, however, allege "sufficient factual matter" to make such a claim plausible. See, e.g., Fowler, 578 F.3d at 210; Fair Wind Sailing, 764 F.3d at 308 n.3.

Here, Plaintiff alleges no facts from which the Court can assess his claims. Plaintiff's statements in the Complaint are nothing more than conclusory allegations, e.g., "conspired to falsely arrest for fictitious crimes," "maliciously prosecuting while conspiring to falsely imprison," "helped to perpetuate a conspiracy to falsify crimes," etc. See ECF No. 1. Plaintiff has failed to provide the facts that explain how he was allegedly conspired against, falsely imprisoned, or maliciously prosecuted. Without any factual allegations, the Court must dismiss the Complaint.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will

grant leave to amend to the extent that he can cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.


Dated: May 1, 2019                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.